COLLINS (RIGGS v.). See Case No. 11,824.

COLLINS (SERRELL v.). See Cases Nos. 12,671 and 12,672.

COLLINS (TENNY v.). See Case No. 13,833.

COLLINS (UNITED STATES v.). See Cases Nos. 14,834–14,837.

# Case No. 3,018.

## COLLINS et al. v. WHEELER et al.

[1 Spr. 188.] [1]

District Court, D. Massachusetts. June, 1850. [2]

SEAMEN—EXTRA WAGES FOR SHORT ALLOWANCE —EFFECT OF RECOVERY OF PENALTY.

1. Under the statute of 1790, c. 29, § 9 [1 Stat. 135], if less than the statute quantity of all the three articles [water. meat. and bread] be put on board, and there is a short allowance of all, triple extra wages are given for each day.

[Cited in The Hermon, Case No. 6,411.]

2. The recovery of such penalty does not necessarily preclude the seaman from recovering damages, also, for a deficiency of other provisions.

In admiralty. The libellants were seamen of the ship Palmyra, owned by the respondents, on a voyage from Calcutta to Boston. The suit was for short provisions, under Act Cong. 1790, c. 29, § 9 (1 Stat. 135). The act is as follows: "Every ship or vessel, belonging as aforesaid, bound on a voyage across the Atlantic ocean, shall, at the time of leaving the last port from whence she sails, have on board, well secured under deck, at least sixty gallons of water, one hundred pounds

---

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

[2] [Affirmed by circuit court. Case not reported.]

of salted flesh meat, and one hundred pounds of wholesome ship-bread, for every person on board such ship or vessel, over and besides such other provisions, stores and live-stock, as shall, by the master or passengers, be put on board, and in like proportion for shorter or longer voyages; and in case the crew of any ship or vessel, which shall not have been so provided, shall be put upon short allowance, in water, flesh, or bread, during the voyage, the master or owner of such ship or vessel, shall pay to each of the crew, one day's wages beyond the wages agreed on, for every day they shall so be put to short allowance, to be recovered in the same manner as their stipulated wages." The libellants also claimed damages, under the general maritime law, for short allowance of other provisions, flour, rice, vegetables, &c. Under the statute, they claimed three days' extra wages, for each day on which they had a short allowance of the three statute articles. The respondents contended that only one day's extra wages could be given, for each day on which there was a short allowance, whether of one or more articles.

R. H. Dana, Jr., and G. P. Sanger, for libellants.

Wm. Sohier, for respondents.

SPRAGUE, District Judge. I shall not go into the details of the evidence, as I am satisfied, on the respondents' admissions, that they are liable. Putting the most favorable construction upon their answer and evidence, it is clear that they had not on board meat enough for more than two and one-seventh voyages across the Atlantic, and less than that quantity of bread, and a little over three times the quantity of water required for such a voyage. All the evidence shows that a voyage "across the Atlantic" is, in distance, about 3,000 miles, while a voyage from Calcutta is about 15.000 miles. If the proportion is to be taken from the average length of time, the Atlantic voyage averages about thirty days, and the voyage home from Calcutta about one hundred and twenty days. So that, without deciding which is the proper rule for ascertaining the proportion, either way, and on the most favorable construction, the vessel had not on board the requisite quantity of bread, meat, or water. Upon a comparison of evidence, there is reason to believe that there was considerably less on board than the amounts stated by the respondents; but it is not necessary to go into that inquiry. It is admitted, that none of these provisions were stowed under deck. It has been argued that this is not essential, and does not draw after it the penalty, unless the short allowance is traceable to this cause. But I think it is peremptory and essential, and for good reasons, which have been stated at the bar. Not only might these provisions spoil on deck, but they would be liable to be washed overboard and the crew reduced, at once, to a state of starvation.

The only remaining question of fact is, whether there was a short allowance, and for how long a time. On the first day of January, while off the Cape of Good Hope, and only about sixty days out, the allowance began. It was first one pound of meat, one pound of bread, and three quarts of water per day, to each man. There may be some doubt whether this would be a short allowance, if the crew had other provisions given them, which are usual in the merchant service, and required in the navy, such as flour, rice, &c. But not only the vegetables, but all the small stores allowed the crew, had given out before this time, except the beans, and a little meal, which was sour. In such a state of things, I have no doubt that the above-mentioned allowance was short. It is not necessary to follow the allowance in its stages of reduction, until the bread and beef were exhausted, and relief obtained from other vessels. I am satisfied that the crew were on short allowance from January 1st until April 1st, the time of the vessel's arrival, with the exception of four days. A question now arises on the construction of the statute. There being a deficiency in the quantity put on board, and a short allowance of all of the three statute articles, the libellants claim triple extra wages for each day. I am of opinion that this is the proper rule. The statute separates the articles, and treats them disjunctively; and it is reasonable to do so, otherwise a short allowance of all the articles, at the same time, would entail no greater penalty than of one only. Thus, if all three were deficient for a week, seven day's extra pay only would be recoverable. While if there was a deficiency of only one article, successively for three weeks, which might be a mitigation to the seaman, he would be entitled to twenty-one day's extra pay. The case of Coleman v. The Harriet [Case No. 2,982] has not been followed by other courts. A contrary decision has been made in this district,—The Mary Paulina [Id. 9,224],—and also by Judge Ware in The Mary [Id. 9,191]. In that case, there was no deficiency of water, but only of bread and beef, which are coupled together, and eighteen days' additional pay allowed for a short allowance, during that time. It is not said whether the quantity of beef served out would have been deemed insufficient, if the bread had been abundant. But whether the allowance of one or both those articles was deficient, the decision is inconsistent with that in Coleman v. The Harriet. The question now before me, was not made in the case of The Mary [supra].

The libel also claims damages, under the general maritime law, for deficiency of other articles. I do not think that a recovery under the statute is necessarily a bar to this claim; and in a proper case, damages might be given. But as the statute penalty amounts to a sufficient compensation, I shall not go beyond it.

Decree for triple extra wages to each man, for three months, with costs. The number of libellants was fourteen, and the extra wages amounted to about $1,500.

This decision was affirmed, upon appeal to the circuit court.

NOTE. See, also, Foster v. Sampson [Case No. 4,982]; The Elizabeth Frith [Cases Nos. 4,361 and 4,353]; Gardner v. The New Jersey [Case No. 5,233]; Ferrara v. The Talent [Id. 4,745]; Piehl v. Balchen [Id. 11,137]; The Childe Harold [Id. 2,676]; Mariners v. The Washington [Id. 9,086.]